NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50480 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00070-RSWL-1 |
| v. | |
| BRIAN SAWYERS, AKA B, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued & Submitted October 11, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

Defendant Brian Sawyers appeals his conviction of two counts of

distribution of cocaine base in the form of crack cocaine, and his sentence. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

The district court did not abuse its discretion in admitting expert testimony as to the meaning of drug code words and phrases. Such testimony was not needlessly cumulative or unfairly prejudicial under Federal Rule of Evidence 403. *See United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007) (quoting *United States v. Griffith*, 118 F.3d 318, 321 (5th Cir. 1997)) ("Drug jargon 'is a specialized body of knowledge, familiar only to those wise in the ways of the drug trade, and therefore a fit subject for expert testimony.'").

The district court also did not abuse its discretion in declining to instruct the jury specifically on implicit bias. Sawyers cites no authority requiring such an instruction, nor does he cite any evidence of jury bias in this case.

Finally, Sawyers's 180-month prison sentence is not substantively unreasonable. The district court granted him a substantial downward departure from his Sentencing Guidelines range of 360 months to life. *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) (quoting *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008)) ("Although we do not automatically presume reasonableness for a within-Guidelines sentence, 'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'").

**AFFIRMED.**